IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILTON M. RIDLEY, | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| vs. | : |
| | : |
| COSTCO WHOLESALE, CORP., | : |
| | : |
| Defendant. | : |

**COMPLAINT - JURY TRIAL DEMANDED**

I.    **INTRODUCTION**

   1.   Plaintiff Hilton M. Ridley brings this action for equitable relief and monetary damages to redress the deprivation of civil rights secured to him by Title VII of the Civil Rights Act of 1964 ["Title VII"], 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act ["PHRA"], 43 P.S. 951 et seq., and 42 U.S.C. § 1981 while he was an employee of Costco Wholesale, Inc. (hereinafter "Costco"). Specifically, he alleges that he was demoted in retaliation for complaining about racial discrimination by the store manager Jim Burr, which caused him to be demoted and constructively discharged, and that the defendant's actions caused him emotional distress and humiliation, and loss of employment and compensation. He seeks back pay, front pay, compensatory and punitive damages.

II.   **JURISDICTION**

   2.   Jurisdiction of this civil rights action is conferred on this Court by Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 717(c) and 706, and 28 U.S.C. §§ 1343 and

1

1331.  The Court's supplemental and pendent party jurisdiction is invoked over plaintiff's claims under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

    3.    Venue herein is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3) as the acts complained of herein all occurred within this judicial district.

### III.  PARTIES

    4.    Plaintiff Hilton M. Ridley is a United States citizen residing at 2312 Bob White Lane, Lancaster, PA 17601, and is subject to the jurisdiction of this court.

    5.    Defendant Costco is a corporation of the Commonwealth of Pennsylvania conducting business at 1875 Hempstead Road, Lancaster, Pennsylvania 17601.  At all relevant times Costco has had at least 15 employees and is capable of being sued under Title VII and the PHRA and is subject to the jurisdiction of this court.

### IV.  STATEMENT OF FACTS

    6.    Plaintiff Hilton M. Ridley is African American.

    7.    Plaintiff started his employment with Defendant on April 27, 1987.  He was hired to work as a stocker in a wholesale store in California.

    8.    Plaintiff received promotions over the years and in April 1996 he began to work in the Lancaster, PA store as a receiving manager.

    9.    In September of 1998 plaintiff assumed the position of merchandise manager at the Lancaster, PA store.

    10.    In August of 2000 plaintiff was returned to the job of receiving manager. The asserted basis for the change was plaintiff's request for at least some Sundays off so

he could attend church with his family and his purported failure to perform certain tasks in his job.

11. Costco normally provides managers with an opportunity to learn each type of line management position within a store prior to promoting an individual to a store manager position. Upon information and belief, it is rare that an employee will be returned to a line management position they have held in the past unless they specifically request it.

12. Upon information and belief, the transfer of plaintiff back to the receiving manager position was done by the store manager, Jim Burr, to favor Brian Long, a caucasian man who had less management experience than plaintiff.

13. In September of 2000 plaintiff made an internal complaint of race discrimination to Defendant's corporate office in Virginia. The complaint was made to Jeff Long, Senior Vice-President of the Northeast Region.

14. Defendant provided no official response to plaintiff's complaint of discrimination other than to say it would be looked into.

15. Plaintiff contacted Jeff Long several times over the next few months to inquire into the status of the investigation into his complaint. Mr. Long failed to provide plaintiff with a written report of any investigation.

16. On March 30, 2001, plaintiff was accused of inappropriate and insubordinate behavior by Adam Sherman, the Assistant Store Manager. Although

Defendant failed to perform a complete investigation of the incident plaintiff was given a counseling notice by Jim Burr on April 10, 2001.

17. On April 10, 2001, plaintiff received a counseling notice by Jim Burr for a safety violation. The basis for the counseling notice was plaintiff's act of lifting another employee on a forklift up into the air without a safety cage.

18. Plaintiff was suspended on April 10, 2001, and told by Jim Burr to report the following day for a meeting with Jeff Long to discuss the safety violation and his complaint of racial discrimination.

19. Plaintiff met with Jeff Long on April 11, 2001. Mr. Long asserted at that time that the complaint of racial discrimination had been investigated and that the company had made no findings of discrimination. Most of the meeting was spent discussing the safety violation.

20. On April 17, 2001 plaintiff was notified by Jim Burr that he was being demoted to the position of front end supervisor and transferred to the Delaware warehouse based upon three purportedly related incidents within the preceding six months.

21. The incidents that were the asserted basis for the discipline purportedly included an incident from August 28, 2000, the incident from March 30, 2001, and the safety incident of April 10.

22. Upon information and belief, although there were at least three other persons involved in the safety incident, including two from management, (all of whom

are Caucasian), one person was counseled and the other persons, (management) were not subjected to any discipline at all in connection with that incident.

23.   Defendant's demotion of plaintiff was pretextual.

24.   The demotion from the position of receiving manager resulted in a decrease of $17,246 in annual pay from $54,000 to $36,754.  It also resulted in increased expenses for the increase in the distance of the commute to work.  While plaintiff did report for work to the Christiana, Delaware warehouse the decrease in pay, the increase in the amount of time needed for the commute from his home in Lancaster, and the humiliation of being demoted resulted in plaintiff's constructive discharge on June 27, 2001.  Plaintiff has continued to suffer lost wages as a result of Defendant Costco's retaliatory actions.

25.   In addition to incurring lost wages, plaintiff suffered emotional pain and distress and embarrassment as a direct and natural result of defendant's actions.

**V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26.   On or about September 6, 2001, less than 180 days after the discrimination complained of, plaintiff filed complaints of discrimination with the Equal Employment Opportunity Commission [EEOC], Charge No. 17F-2001-03594, and the Pennsylvania Human Relations Commission [PHRC], Docket No. E-100452-D.

27.   One year has passed since the filing of plaintiff's charge with the PHRC and he is entitled to file suit on said claim.

28.	On or about August 6, 2004, the Equal Employment Opportunity Commission issued plaintiff a Right to Sue letter.

## COUNT I

## RETALIATION IN VIOLATION OF TITLE VII:

29.	Plaintiff incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth herein.

30.	Plaintiff suffered unlawful retaliation in the form of a demotion and transfer for his having filed a complaint about the racial discrimination he was subjected to while employed at the Lancaster, PA warehouse.

31.	The retaliation culminated in the constructive discharge of plaintiff from his employment with defendant.  Said retaliation was intentional and constitutes a violation of plaintiff's federal civil rights as guaranteed by Title VII.

32.	Defendant Costco's actions were willful and wanton and exhibit malice and/or reckless indifference to plaintiff's federally protected civil rights under Title VII of the Civil Rights Act of 1964, as Amended by the Civil Rights Act of 1991, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

(a)	Awarding him lost wages, in the form of back pay, including lost fringe benefits;

(b)	Awarding him front pay.

(c)   Awarding him compensatory damages;

(d)   Awarding him punitive damages;

(e)   Awarding him the costs of this action, together with reasonable attorney's fees; and

(f)   granting such other relief as the Court deems necessary and appropriate.

## COUNT II

## RETALIATION IN VIOLATION OF PHRA:

33.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 32 as though fully set forth herein.

34.   Plaintiff suffered unlawful retaliation in the form of a demotion and transfer for his having filed a complaint about the racial discrimination he was subjected to while employed at the Lancaster, PA warehouse.

35.   The actions of defendant Costco as set forth above, violated plaintiff's rights to be free from retaliation as secured by the PHRA.  Plaintiff suffered damages as a result of Costco's unlawful actions.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

(a)   Awarding him lost wages in the form of back pay, including lost fringe benefits;

(b)   Awarding him front pay,

(c)   Awarding him compensatory damages;

 (d)  Awarding him the costs of this action, together with reasonable attorney's fees; and

 (e)  granting such other relief as the Court deems necessary and appropriate.

## COUNT III

### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981:

 36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as though fully set forth herein.

 37. Plaintiff suffered unlawful retaliation in the form of a demotion and transfer for his having filed a complaint about the racial discrimination he was subjected to while employed at the Lancaster, PA warehouse.

 38. The retaliation culminated in the constructive discharge of plaintiff from his employment with defendant.  Said retaliation was intentional and constitutes a violation of plaintiff's federal civil rights as guaranteed by 42 U.S.C. § 1981.

 39.  Defendant Costco's actions were willful and wanton and exhibit malice and/or reckless indifference to plaintiff's federally protected civil rights under 42 U.S.C. § 1981, and plaintiff is therefore entitled to receive punitive damages.

 WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor:

 (a)  Awarding him lost wages, in the form of back pay, including lost fringe benefits;

 (b)  Awarding him front pay.

(c)     Awarding him compensatory damages;

(d)     Awarding him punitive damages;

(e)     Awarding him the costs of this action, together with reasonable attorney's fees; and

(f)     granting such other relief as the Court deems necessary and appropriate.

## REQUEST FOR JURY TRIAL

Plaintiff hereby makes a request for a jury trial for all claims raised in this action.

                         Respectfully submitted,

                         By:  REL3165_____
                             RALPH E. LAMAR, IV, ESQUIRE
                             141 Spruce Lane
                             Collegeville, PA 19426
                             (610) 831-5181
                             Attorney for Plaintiff

Dated: August 13, 2004